UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Thomas Godbey, *also known as* Walter T. Godbey, Sr., | ) | C/A No. 9:16-649-JMC-BM |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Director, *Dept. of Corr. Commonwealth of Virginia,* | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Walter Thomas Godbey, also known as Walter Thomas Godbey, Sr., a

prisoner at FCI-Bennettsville,[1] has filed this Petition for Writ of Habeas Corpus pro se pursuant to

28 U.S.C. § 2254.  Petitioner challenges a July 2010 criminal sentence imposed on him by the

Commonwealth of Virginia.  See Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been

made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions

of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214

(AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim

---



[1]Petitioner was housed at FCI-Williamsburg at the time he filed this action, but has submitted
a change of address notice indicating that he has been moved to FCI-Bennettsville.  See ECF No.
8.

v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is also charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

Petitioner was convicted of manslaughter in the District of Columbia and is serving a 22 month sentence. Petitioner's Memorandum, ECF No. 1-1 at 4. He is in federal custody (and was previously incarcerated at FCI-Petersburg in Virginia) pursuant to the judgment of the District of Columbia Superior Court. See Godbey v. Simmons, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *1 (E.D.Va. Jan. 30, 2014).[2] Sometime after his District of Columbia manslaughter

---

[2]Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, the Bureau of Prisons is responsible for housing persons convicted of a felony under District of Columbia laws.



2

conviction, Petitioner was indicted for murder by authorities in the Commonwealth of Virginia. He

pled guilty to manslaughter, and was sentenced to 120 months imprisonment on July 24, 2010. See

Petition, ECF No. 1 at 1; Godbey v. Simmons, 2014 WL 345648, at *1-*2.

In this action, Petitioner challenges his Virginia manslaughter conviction. Petitioner

asserts that the Virginia manslaughter conviction is listed as consecutive to the District of Columbia

manslaughter sentence being served, but appears to claim that the later sentence should be concurrent

because the Virginia court did not specify that the sentence was consecutive. ECF No. 1-1 at 4.

Petitioner did not file an appeal of his manslaughter conviction, but asserts that he exhausted all of

his remedies in the courts of the  Commonwealth of Virginia.  He does appear to have filed an

application for post-conviction relief in Virginia on September 24, 2012, which he later appealed to

the Virginia Court of Appeals, and then appealed to the Supreme Court of Virginia. ECF No. 1 at

3-5.  Petitioner's grounds for relief in this case are ineffective assistance of counsel, unlawful

extradition, and a due process violation. ECF No. 1 at 5-9. Although it is questionable whether the

Petition is timely, as it appears that more than a year passed from the time of Petitioner's sentencing

to the time he filed his application for post-conviction relief,[3] Petitioner asserts that this action was

---

[3]Subsection (d) of § 2244 provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person
in custody pursuant to the judgment of a State court. The limitation period shall run from the latest
of--
  (A) the date on which the judgment became final by the conclusion of direct review
  or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action
  in violation of the Constitution or laws of the United States is removed, if the
  applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the

(continued...)



timely filed, or alternatively, that his filing time should be equitably tolled (see ECF No. 1 at 13;

Petitioner's Memorandum, ECF No. 1-1). Further, "[t]he federal habeas statute straightforwardly

provides that the proper respondent to a habeas petition is 'the person who has custody over [the

petitioner]....' '[T]hese provisions contemplate a proceeding against some person who has the

immediate custody of the party detained, with the power to produce the body of such party before

the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."

Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004) (emphasis in original) (citations omitted). Hence,

since Petitioner is incarcerated in the District of South Carolina, it appears that this Court would

ordinarily have jurisdiction over his Petition.[4]

　　　　However, notwithstanding the issue of jurisdiction, a court may transfer any civil

action for the convenience of the parties or witnesses, or in the interest of justice, to any district

---

[3](...continued)
Supreme Court, if the right has been newly recognized by the Supreme Court and
made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could
have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward any
period of limitation under this subsection.

28 U.S.C. § 2244(d).

[4]Although Petitioner has named the Director of the Virginia Department of Corrections as
the Respondent, the Rules Governing § 2254 Habeas Petitions provide that if a petitioner is not yet
in custody but may be subject to future custody under the state-court judgment being contested, the
petition must name as respondents both the officer who has current custody and the attorney general
of the state where the judgment was entered.  See Rule 2(b), Rules Governing 28 U.S.C. § 2254.

where the action might have been brought.  28 U.S.C. § 1404(a); <u>Braden v. 30th Judicial Circuit of</u>

<u>Kentucky</u>, 410 U.S. 484 (1973).[5]  Civil actions may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

When a habeas application is directed to the petitioner's underlying conviction, the

district of conviction is the more convenient and appropriate venue because of the accessability of

evidence, records and witnesses.  <u>See</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 933 n. 9 (11th Cir.2001); <u>Laue</u>

<u>v. Nelson</u>, 279 F.Supp. 265, 266 (N.D.Cal.1968).  Here, this action concerns Petitioner's Virginia

manslaughter plea and sentence.  As such, accessibility of records, evidence, and witnesses is in

---

[5]If this Court lacks jurisdiction, Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631.

5

Virginia, not South Carolina.   Thus, in the interest of justice, Petitioner's claims should be transferred to the District Court for the Eastern District of Virginia for consideration by that court.[6]

### Recommendation

Based on the foregoing, it is recommended that the Court order the Clerk of Court to transfer this action to the United States District Court for the Eastern District of Virginia.[7]

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

June ___, 2016
Charleston, South Carolina

---

[6]Petitioner's pending motions can then be considered by that court at that time.

[7]A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); O'Neal v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976); Koehring Co. v. Hyde Constr. Co., 324 F.2d 295, 297–98 (5th Cir. 1963); Internatio–Rotterdam, Inc. v. Thomsen, 218 F.2d 514, 515–16 (4th Cir. 1955).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7
