IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Walter Thomas Godbey, | ) | Civil Action No. 9:16-cv-00649-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director, *Dept. of Corr. Commonwealth of Virginia*, | ) ) | |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, brought this action requesting a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 12), filed on June 3, 2016, recommending that in the interest of justice Petitioner's action, (ECF No. 1), be transferred to the United States District Court for the Eastern District of Virginia. The Report sets forth the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C § 636(b)(1).

The parties were advised of their right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by June 20, 2016. (ECF No. 12.)

Petitioner objects to the Report (ECF No. 14) and provides this court with a substantial amount of exhibits for review as attachments. (ECF No. 1.) However, because Petitioner's objection (ECF No. 14) does not focus on the issues set forth in the Report (ECF No. 12), this court is not obligated to provide *de novo* review because Petitioner fails to articulate specific objections. Instead, Petitioner restates the timing question already considered by the Magistrate Judge. Consequently, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12), and **TRANSFERS** this action to the United States District Court for the Eastern District of Virginia.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 3, 2016
Columbia, South Carolina