# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Walter Thomas Godbey,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:16cv1011 (TSE/JFA) |
| ) | |
| **Director, Va. Dep't of Corrections,** ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Walter Thomas Godbey, currently a federal inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of the voluntary manslaughter of his wife entered on a negotiated plea of guilty in the Circuit Court of Prince William County.[1] After the matter was transferred to this district by the United States District Court for the District of South Carolina, Godbey was directed to show cause why the petition should not be dismissed as barred by the applicable statute of limitations, 28 U.S.C. § 2244(d). (Dkt. No. 22) He filed a Motion in Response to Court's Order and a supporting affidavit on October 25, 2016 (Dkt. No. 23-24), and respondent thereafter was directed to submit a response to the petition limited to the threshold issues of jurisdiction and timeliness. (Dkt. No. 25) Respondent filed a Rule 5 Answer and a Motion to Dismiss with a supporting brief and exhibits (Dkt. No. 28-30), and provided petitioner with the notice required by Roseboro v.

---

[1] Federal habeas corpus jurisdiction requires that the petitioner be "in custody" pursuant to the conviction he challenges at the time the application for habeas corpus relief is filed. See 28 U.S.C. § 2241(c). Here, respondent acknowledges that although Godbey is in federal detention, a detainer from the Commonwealth of Virginia for the service of his state sentence was in place when he filed the instant petition. Resp. Brief at 6. Therefore, jurisdiction exists to entertain this petition for habeas relief from the state conviction. See Word v. North Carolina, 406 F.2d 352, 355 (4th Cir. 1969) (placement of detainer constitutes custody).

Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). (Dkt. No. 31) After receiving an extension of time, Godbey submitted a reply brief on July 11, 2017. (Dkt. No. 36) Accordingly, this matter is now ripe for disposition. After careful consideration of the foregoing submissions, as well as the pertinent state court records (Dkt. No. 32-33), the petition must be dismissed as time-barred.

## I. The petition is untimely

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if it was filed later than one year after (1) the judgment at issue became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, Godbey was convicted and sentenced on July 24, 2010. Pet. at 2. Because he took no direct appeal, the conviction became final thirty days later, on August 23, 2010, when the time expired during which an appeal could have been filed. Va. Sup. Ct. R. 5A:6. Therefore, the limitations period began to run on that date. Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir. 2000).

In calculating the one-year limitations period, a court generally must exclude the time during which properly-filed state collateral proceedings pursued by the petitioner were pending. See 28 U.S.C. § 2244(d)(2). Here, however, Godbey did not commence his first postconviction proceeding until September 24, 2012, when he filed a petition for a state writ of habeas corpus in the trial court. Pet. at 4. Since by then over twenty-five (25) months had elapsed since his conviction had become final, the federal statute of limitations had expired, and the pendency of the state habeas proceeding could no longer toll the limitations period. See Ferguson v.

Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d).

## II. Equitable tolling does not apply

In his Motion in Response to Court Order (Dkt. No. 23) and again in his Reply Brief to Motion to Dismiss (Dkt. No. 36), Godbey argues that the limitations period should be equitably tolled.[2] The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010). To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace, 544 at 418. The petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a

---

[2]In his Motion in Response, Godbey includes a cursory introductory argument that the AEDPA is unconstitutional. Id. at 1. No extended discussion is necessary to conclude that such a contention is clearly without merit. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("Every court which has addressed the issue - i.e., whether, as a general matter, § 2254 (d) constitutes an unconstitutional suspension of the writ - has concluded that it does not.")

3

demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only very infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

Under the facts reflected in the present record, equitable tolling is not warranted. Godbey's principal argument in both of his relevant pleadings is that he was thwarted in his efforts to file a direct appeal and a state habeas corpus petition because his counsel "refused to pursue" such courses of action, Pet. Reply Br. at 2, and was dilatory in providing him with "the trial file." Mo. in Resp. at 5. Essentially, he contends that after he entered his guilty plea, he was abandoned by his attorney.

In a concurring opinion in Holland, Justice Alito noted that the Court's prior cases made it "abundantly clear" that attorney negligence, even gross attorney negligence, is an insufficiently extraordinary circumstance to warrant equitable tolling. 560 U.S. at 655, citing Lawrence v. Florida, 549 U.S. 327 (2007); see also, Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2241(d) statute of limitations would be tolled to the brink of extinction."). On the other hand, "the AEDPA statute of limitations may be tolled if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner." Holland, 560 U.S. at 659. Noting that counsel's near-total failure to communicate with Holland essentially had amounted to

4

Holland's "abandonment" by counsel, Justice Alito concluded that "[i]f true, petitioner's allegations would suffice to establish extraordinary circumstances beyond his control. Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Id.

Here, Godbey's contention that he deserves equitable tolling because he was abandoned by his counsel finds no support in the record. First, Godbey voluntarily forfeited his right to bring a direct appeal as a term of the plea agreement by which he gained the reduction of a murder charge to voluntary manslaughter and the *nolle prosequi of* additional counts. Resp. Br., Dkt. No. 30, Ex.1, Tr. 6/24/10 at 3. In the written plea agreement, Godbey acknowledged that he had completed 15 years of school and was "completely satisfied" with the services of his attorney. Id., Ex.1 at 1. The agreement further provided in relevant part, "I understand that by pleading guilty that I waive my right to an appeal....." Id., ¶ 6. Godbey executed the agreement in the presence of counsel on June 23, 2010. At a colloquy the following day, Godbey stated in response to questions from the court that he had completed three years of college and that he had read, understood and signed the written plea agreement, id., Tr. 6/24/10 at 5-6, and the court accepted the plea on the holding that it was made freely, voluntarily and intelligently. Id. at 12.[3] Such declarations as Godbey made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal...." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Godbey's current assertions that his counsel refused his subsequent instructions to file a

---

[3]Significantly, there is no indication either in the written plea agreement or in the transcript of the colloquy that the plea was entered conditionally, such that the right to appeal might have been reserved.

5

direct appeal and ignored his requests to be provided with his file are just such conclusory assertions, as they find no support in the record. As noted above, Godbey was convicted on July 24, 2010, and a timely notice of appeal was due within thirty days. Attached as an exhibit to Godbey's brief to the Supreme Court of Virginia in his habeas corpus action are a series of six letters Godbey addressed to counsel between July 28, 2010 - four days after he was convicted - and December 26, 2012. See Godbey v. Dir., Dep't of Corr., Appellant's Brief, Ex.C. Although Godbey now claims that these letters "prove that [he] continually contacted counsel" concerning his desire to appeal, Pet. Reply Br. at 5, the first five letters make no mention of any desire on Godbey's part to pursue a direct appeal and contain no instructions that counsel do so, nor does Godbey make any requests to be provided with materials expressly for use in such a proceeding.[4] It is not until the final letter dated December 26, 2012, that Godbey for the first time contends that he discussed an appeal with counsel in telephone conversations between June 29 and August 31, 2010, and counsel indicated she was no longer his attorney. There is no explanation either in the letter itself or in Godbey's pleadings in this action of why he waited over two years after the conversations took place to mention counsel's asserted failure to follow his instructions, or of why he failed to mention her alleged failure in any of the five earlier letters he wrote to her in the interim.

The sole reference to a state habeas corpus proceeding also occurs in Godbey's final letter

---

[4]In fact, it appears that Godbey requested the particular materials he mentions in these letters for use in Godbey v. Masterson, Case No. 11cv704 (TSE/TCB), a civil action where Godbey unsuccessfully sought monetary damages for the allegedly unlawful seizure of his "privileged work product" by officers of the Prince William County Police Department and the Federal Bureau of Prisons. See Fed. R. Evid. 201 (allowing a court to take judicial notice of its own records and files, regardless of whether it is requested to do so).

6

dated December 26, 2012, but Godbey indicated there that he had already filed a habeas petition and that the prosecution's 45-day period for responding to it had passed. Clearly, then, contrary to his current argument, Godbey's ability to petition for state habeas relief was not thwarted by any alleged non-receipt of materials from counsel, as the same letter indicates that at the time of its writing counsel had failed to provide him with the materials he had requested.

Godbey also fails to show a causal connection between his alleged abandonment by his counsel and the lateness of this federal petition. Cf. Valverde, 224 F.3d at 134 . While Godbey claims in general terms that counsel failed to provide him with his case file in a timely manner, he makes no attempt to explain the manner in which that alleged circumstance prevented him from noticing a direct appeal in a timely manner. Godbey never specifies the claim or claims he would have raised on the direct appeal, nor does he explain how the lack of his court file prevented him from being to able at least to file a notice of appeal on his own behalf.

Petitioner's argument that the limitations period should be equitably tolled based on his lawyer's assertedly ineffective assistance fails for a third reason.[5] "[A] claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). In this case, Godbey argued in his untimely petition for a state writ of habeas corpus that counsel provided ineffective assistance by failing to file a notice of appeal and appeal, and the circuit court held that the claim was time-barred. See Appellant's Brief, Supreme Court of Virginia at 1. Godbey

---

[5]See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) ("Today we hold that [the Strickland] test applies to claims, like respondent's, that counsel was constitutionally ineffective for failing to file a notice of appeal.")

7

assigned that determination as error on appeal, and the Supreme Court of Virginia refused the claim. Godbey v. Dir., Dep't of Corr., R. No 150022 (Va. July 8, 2015). It is apparent that no claim of ineffective assistance was considered on the merits as an independent claim by the Virginia courts. Lastly, even were that not so, ineffective assistance even if shown rarely provides a basis for equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, *arguendo*, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

Petitioner also argues in his Reply Brief that his federal institution's law library provided him with neither access to legal materials regarding Virginia law nor counsel, such that his right of access to the courts was violated. Reply Br. at 4-5. Petitioner states that as a result he "missed deadlines." Id. at 5. Such a vague and unexplained characterization of an institutional library's inadequacy and the prejudice that a petitioner allegedly suffered as a result does not suffice to warrant equitable tolling. See Arthur v. Allen, 452 F.3d 1234, 1253 (11 Cir. 2006), cert. denied, 549 U.S. 1338 (2007) (alleged inadequacy of prison library is insufficiently connected to untimely filing to merit equitable tolling unless petitioner demonstrates diligence by showing when he found out about library's alleged deficiency, independent efforts he made to determine when limitations period began to run, and manner in which prison thwarted his

efforts); Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (request for equitable tolling based on inadequate law library denied).

Finally, petitioner has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," Rouse, 339 F.3d at 246, and he neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he pleaded guilty and was convicted. See Schlup v. Delo, 513 U.S. 298, 327 (1995). Accordingly, equitable tolling of the limitations period is not warranted in this case, and the petition must be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the petition will be granted, and the petition will be dismissed, with prejudice. Petitioner's Motion in Response to Court''s Order will be denied, and his Motion to Correct Scrivener's Error will be granted. An appropriate Order shall issue.

Entered this 25th day of August 2017.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge